UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil No. 1:22-CV-59

| | |
|---|---|
| ESTATE OF JAQUYN O'NEILL LIGHT, Plaintiff, <br><br> v. <br><br> MARCUS POLLOCK, in his individual and official capacities, JEFF PRITCHARD, in his official capacities, THE CITY OF GRAHAM, a political subdivision of the State of North Carolina, <br> Defendants. | **COMPLAINT** <br> **(Jury Trial Demanded)** |

Plaintiff, ESTATE OF JAQUYN O'NEILL LIGHT, by and through undersigned counsel and complaining of the Defendants alleges and says as follows:

1. This is an action to recover compensatory and punitive damages as a result of the intentional misconduct, gross negligence, negligence, assault and battery perpetrated by Defendants against Plaintiff. Plaintiff alleges that he experienced multiple violations of his rights as guaranteed by the U.S. and North Carolina Constitutions, as well as by federal and state law, when officers employed by the Graham Police Department using excessive force on his person that included, but was not limited to, shooting him with a firearm at close range when the same officers knew that Plaintiff was unarmed, was committing no crime.

2. The actions of the Defendants, as described more fully below all upon information and belief, deprived Plaintiff of his civil rights and constitute egregious, malicious, corrupt, excessive, and objectively unreasonable use of force and improper police conduct that proximately caused him to endure excruciating pain, mental suffering, unjustified incarceration, and his death.

PARTIES, JURISDICTION, AND VENUE

3. This cause of action arises in Graham, Alamance County, North Carolina.

4. At all times relevant, Plaintiff, Jaquyn O'Neill Light, was an adult citizen and resident of Alamance County, North Carolina, under no legal disability, with his residential address located in Graham, Alamance County, North Carolina.

1

5. Defendant City of Graham was and is a municipal corporation organized under the laws of the State of North Carolina, duly chartered and existing pursuant to the provisions of N.C. Gen. Stat. § 153A-10, vested with corporate powers and rights as specified in N.C. Gen. Stat. § 153A-11 including, but not limited to, the capacity to sue and be sued. At all times relevant to this action, Defendant, City of Graham, acted through its managers and policy makers, including the Chief of Police for the City of Graham, Defendant Jeff Pritchard ("Chief Pritchard"), and other employees of the Graham Police Department; and the acts, edicts and practices of said persons represent the official policies of Defendant City of Graham.

6. At all times material herein, Defendant City of Graham through its final policymakers in charge of law enforcement officers, engaged as a matter of policy or custom in inadequate screening, training and supervision of is police officers with deliberate indifference to the rights of the City's inhabitants with whom the police come into contact including Jaquyn O'Neill Light, and deliberate indifference to the need for better screening, training and supervision and with knowledge that, as a result of the inadequacies of screening, training and supervision, it was highly predictable that police officers, including officers engaged in the performance of their duties, would engage in actions that could cause the death of individuals such as Jaquyn O'Neill Light.

7. Defendant Chief Pritchard is and was, at all times relevant hereto, the Chief of the Graham Police Department and is named as a defendant in his official capacity.

8. At all times relevant hereto, Chief Pritchard was acting in the course and scope of his official duties as the Chief of the Graham Police Department and under the color of state law.

9. Upon information and belief, Chief Pritchard was and is an adult citizen and resident of Graham, Alamance County, North Carolina, and is under no legal disability.

10. Defendant Marcus Pollock ("Pollock") is and was, at all times relevant hereto, an adult citizen and resident of Graham, Alamance County, North Carolina under no legal disability. He is sued in his individual and official capacities for compensatory and punitive damages under both state and federal laws.

11. At all times relevant hereto, Defendant Pollock was employed as an Officer by the Graham Police Department, and he was acting in the course and scope of his official duties as Graham police officer, under the color of state law.

12. Upon information and belief, subsequent to the January 29, 2021, encounter with Plaintiff, Defendant Chief Pritchard's employment with the Graham Police Department was terminated.

2

13. At all times the actions and practices of the Defendants named herein and those acting in their direction, were performed under the color of state law and constitute state action within the meaning of the Fourteenth Amendment to the United States Constitution.

14. Upon information and belief, to the extent that any and/or all of the Defendants in this action claim they are a municipal and/or governmental and/or City owned, operated and/or funded entity, or an employee or agent of any such entity, such Defendants do not have governmental immunity and/or sovereign immunity for any of the acts or omissions described herein. In the alternative, should any and/or all of the Defendants in this action have governmental immunity and/or sovereign immunity, upon information and belief, any and/or all such Defendants have waived any and all such governmental and/or sovereign immunity to which they may have been otherwise entitled, for themselves, their agents, employees and all officials acting in their official (and, if applicable, individual) capacities for civil liability and tort by the act of purchasing (or otherwise procuring, obtaining and/or having in place) liability insurance (or the functional and substantive equivalent thereof, i.e., participation in a local governmental risk pool, purchase of a surety bond, etc.) prior to, concurrent with, and/or subsequent to and/or applicable to the acts and omissions alleged herein.

15. Upon information and belief, the Defendants, their officers, directors, employees and agents have waived governmental immunity under state tort law, if any there be, by the purchase of insurance by City of Graham, North Carolina, against liability for negligent or intentional damage to person or property, or against absolute liability to person or property, or against absolute liability to person or property caused by an act or omission of the Defendants or of any of their officers, agents or employees when acting within the scope of their authority and in the course of their employment.

16. Subject matter jurisdiction is, therefore, appropriate and proper and any and all such governmental immunity and sovereign immunity is and has been fully waived pursuant to N.C. Gen. Stat. §160A-485 and/or N.C. Gen. Stat. §153A-435.

17. The case presents an actual case and controversy arising under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and asserts claims for relief under 42 U.S.C. §§ 1983 and 1988, as well as claims for relief under North Carolina state law.

18. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1343(a) in that this action is to redress depravation by the Defendants, under the color of state laws, of the rights of privileges and immunities granted to Plaintiff by the United States Constitution and by federal statutes.

19. Jurisdiction is further proper in this Court pursuant to 28 U.S.C. §§1331 and 1443.

20. This Court has pendant and/or supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

21. Venue is proper in this the Middle District of North Carolina, under 28 U.S.C. § 1391 in that one or more of the Defendants reside in Graham, Alamance County, North Carolina, and a substantial part of the claims asserted herein arose in this District.

## ACTUAL AND/OR APPARENT AGENCY

22. The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

23. Upon information and belief, in the exercise of statutory powers granted by the North Carolina General Assembly, Defendant, City of Graham, funds, supports, and oversees the operation of the Graham Police Department.

24. At all times relevant to this action, Defendant, Chief Pritchard, serves as the chief law enforcement officer for Defendant City of Graham.

25. At all times relevant to this action, Graham Police Department exercised jurisdiction throughout the City of Graham, including both the incorporated and, if any, the unincorporated areas.

26. Upon information and belief, the operating budget of the Graham Police Department is funded by Defendant, City of Graham, and the City of Graham funds the salaries of employees working for the Graham Police Department.

27. Upon information and belief, Defendant City of Graham reposed in its Police Department, Chief and officers employed by the Graham Police Department final policymaking authority with respect to the use of force by deputies employed with the Graham Police Department.

28. Defendant City of Graham is sued under the doctrine of *respondeat superior*, as all individual Defendants were acting in the course and scope of their official duties as the Chief and Officers in the employ of the City of Graham, and as agents thereof, when engaged in the actions alleged herein.

29. Upon information and belief, Defendant City of Graham has the actual right and legal authority to direct and control the Graham Police Department, its policies and procedures, officers, and employees.

30. In the alternative, City of Graham has the apparent right and authority to direct and control the Graham Police Department, its polies and procedures, officers, and employees.

31. The enforcement of laws of the State of North Carolina is an essential and well-recognized duty of all cities in the State of North Carolina. As such, at all relevant times in this action, Defendant, City of Graham, had a non-delegable duty to engage in law enforcement activities within its borders.

32. At all times relevant to the allegations alleged in this Complaint, Defendant Pollock was employed by the Defendant City of Graham and/or the Graham Police Department as a law enforcement officer, and he was acting, at all relevant times, as an agent of Defendant City of Graham and/or Defendant Chief Pritchard within the course and scope of his duties as a sworn office of the Graham Police Department and/or law enforcement agent of the Defendant City of Graham.

33. In the alternative, Defendant Pollock's actions toward Plaintiff alleged herein were malicious, corrupt, and outside the scope of his official duties as law enforcement.

34. Defendant City of Graham and/or Chief Pritchard had the right and/or power to direct and control the manner in which its/their employees and/or agents executed their official duties.

35. The acts, omissions and liability of all Defendants includes their agents, principals, employees and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, corporate liability, actual authority, apparent authority, actual agency, ostensible agency and/or *respondeat superior* and the acts and/or omissions of the above-named Defendants were a direct and proximate cause of the injuries, damages and losses sustained by the Plaintiff.

## JOINT AND SEVERAL LIABILITY OF ALL DEFENDANTS

36. The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

37. The Defendants are jointly and severally liable tro Plaintiff for all damages alleged herein since their negligent or wrongful acts and omissions, singularly or in combination, concurred or combined to produce, as a proximate cause, indivisible injuries to Plaintiff.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

38. The allegations set forth in the preceding paragraphs are re-alleged and incorporated herein by reference.

39. On or about January 29, 2020, in the early morning hours, Defendant Pollock, along with two other Graham police officers, were attempting to serve a probation violation warrant and a warrant for a misdemeanor upon the Plaintiff, Jaquyn O'Neill Light, at a residence located on Elm Street, Graham, North Carolina.

40. Two of the Graham police officers attempted to enter the home through the back entrance. Defendant Pollock was located at the front entrance of the home.

41. As the two officers entered the home through the back entrance, the decedent, Jaquyn O'Neill Light, who was unarmed, went out the front door, where Defendant Pollock was located.

42. The decedent, Jaquyn O'Neill Light, immediately came upon Defendant Pollock, and Defendant Pollock discharged his firearm. The bullet struck the Plaintiff, Jaquyn O'Neill Light, in the stomach.

43. The Plainitff, Jaquyn O'Neill Light, later died from the gunshot wound.

44. At the time his death, Jaquyn O'Neill Light was twenty (20) years old, and could have expected to live a full, fruitful and meaningful life and could have been expected to provide substantial services, protection, and care to his family as well as security, companionship, guidance, kindly offices and advice, income and support.

45. At all times relevant herein, Defendant Pollock acted intentionally, willfully, maliciously, negligently, and with reckless disregard for a d deliberate indifference to Plaintiff's rights and physical and mental well-being by discharging his firearm at Plaintiff when Plaintiff was unarmed.

46. Upon information and belief, Defendant Pollock had prior excessive use of force claims against him at his previous places of employment with law enforcement agencies. Upon information and belief, Defendants, City of Graham and Chief Pritchard, were aware, or should have been aware, of these prior instances. Upon information and belief, due to deliberate indifference of Defendants, City of Graham and Chief Pritchard toward the proper impropert conduct by Defendant Pollock, and/or due to the culture, policies, practices or customs created by Defendants, City of Graham and Chief Pritchard, Defendant Pollock chose to act in the manner in which he did with Plaintiff on January 29, 2020.

47. The actions of individual Defendants, as set forth herein, were the result of the failure of Defendants, City of Graham and Chief Pritchard, to properly train, supervise, and discipline its officers, including Defendant Pollock. Upon information and belief, had Defendant Chief Pritchard and his office properly trained, educated, and supervised

6

Defendant Pollock on the rights of limitations of police-citizen encounters and the use of force, then this incident would, more likely than not, have never occurred. This failure to train, supervise, and discipline is a consequence of policies and practices of Defendant City of Graham and Chief Pritchard. These policies and practices are, in part, responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless and intentional actions of Defendant Pollock.

48. At all times relevant herein, Defendant, City of Graham, acting through the Graham Police Department, developed, implemented, enforced, encouraged and scantioned the above negligent conduct of Defendant Chief Pritchard and his office.

49. Defendants' unlawful actions were done willfully, knowingly and with specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

50. The conduct of Defendant Pollock in discharging his firearm at Plaintiff proximately caused the death of Plaintiff. As a result, the family and heirs of Jaquyn O'Neill Light have been deprived of his income, services, protection, care and assistance, together with his society, companionship, comfort, guidance, kindly offices and advice.

## COUNT I
## CLAIM AGAINST DEFENDANT CITY OF GRAHAM
## UNDER 42 U.S.C. §1983

51. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

52. This claim is brought pursuant to 42 U.S.C. §1983 for violations of the Fourth and Fourteenth Amendments of the United States Constitution.

53. Defendant, City of Graham, is a municipal corporation and political subdivision of the State of North Carolina which employs police officers, including Defendants, Chief Pritchard and Officer Pollock. The Defendant, City of Graham, is a person within the meaning of 42 U.S.C. §1983.

54. Defendant, City of Graham, was at all times herein, responsible for the policies, procedures, customs and/or practices implemented and utilized, including the supervision, training, discipline, conduct and control over law enforcement officers, including Defendants Chief Pritchard and Officer Pollock. In addition, Defendant Chief Pritchard was in fact in charge of such supervision, discipline and training by virtue of his capacity as Chief of Police and, thus, was in charge of implementing policies and procedures.

7

55. At all times material herein, Defendant City of Graham, through its final policymakers in charge of law enforcement officers, engaged as a matter of policy or custom in inadequate screening, training and supervision of its police officers with deliberate indifference to the rights of the City's inhabitants with whom the police come into contact, including Jaquyn O'Neill Light, and deliberate indifference to the need for better screening, training and supervision and with knowledge that, as a result of the inadequacies of screening, training and supervision, it was highly predictable that police officers, including officers engaged in the performance their duties, would engage in actions that could cause the death of individuals such as Jaquyn O'Neill Light.

56. The actions of the Defendant Pollock, acting under the color of state law, deprived the Plaintiff, Jaquyn O'Neill Light, of his rights, privileges and immunities under the laws and Constitution of the United States, including but not limited to, the right to be secure in his person and property and the right to remain free from deprivation of life and liberty without due process of law.

57. By its actions as set forth herein, Defendant, City of Graham, has deprived the Plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, in violation of 42 U.S.C. §1983.

58. As a direct and proximate result of Defendant's actions, the Plaintiff was deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the State of North Carolina and caused Plaintiff's death.

59. At all times material to this action, Defendant, City of Graham, had policies, customs, practices and/or procedures that were the direct and proximate cause of the unconstitutional death of Plaintiff, Jaquyn O'Neill Light.

60. The above-mentioned policies, customs, practices and/or procedures included, but are not limited to, the following:

   a. Failing to properly train and supervise police officers utilized to perform appropriate and lawful methods of law enforcement, including, but not limited proper use of force;

   b. Initiating and/or maintaining a policy, custom and/or practice to train police officers utilized to perform investigating duties, either explicitly or implicitly, to carry out their duties in a manner which would not subject citizens to civil rights violations.

   c. By deliberately failing to obtain and/or utilize available means of supervising police officers on patrol duty and of deterring such officers from engaging in actions that

8

deprived citizens including Jaquyn O'Neill of life, liberty, due process of law and other violations of constitutional rights while in the course of duties.

61. Defendant, City of Graham, has failed and has a history of failing to take reasonable measures to hire and provide police officers with adequate training and to provide for adequate appropriate investigation and punishment of its officers' unwarranted actions, including internal affairs investigations, said actions and inactions constitutes a breach of its duties to hire and train qualified police officers, establish departmental procedures and methods to enforce protection of constitutional rights, and correct misconduct of its police officers of which it had actual or constructive notice.

62. The actions of Defendant, City of Graham, deprived the Plaintiff, Jaquyn O'Neill Light, of his constitutional rights as guaranteed by the Constitution of the United States and protected by 42 U.S.C. §1983, and specifically deprived him of constitutionally guaranteed rights that included, but not limited to, the following:

    a. The right to be deprived of his life without due process and equal protection of laws;

    b. The right and privilege to be free from unlawful infringement upon physical integrity of his person;

63. Defendant, City of Graham, has with deliberate indifference, adopted, implemented and/or executed the above policies and/or practices and/or procedures and/or customs which were directly responsible for deprivation of the constitutionally protected rights of Plaintiff, Jaquyn O'Neill Light, and, in doing so, misused the power possessed by virtue of state law and made possible only because Defendants Chief Pritchard and Pollock, were clothed with the authority of state law.

64. As a direct and proximate result of the actions and inactions of Defendant, City of Graham, alleged herein, Plaintiff, Jaquyn O'Neill Light's, constitutional righs were violated by Defendant and its employees and/or agents, *inter alia*, Chief Pritchard and Pollock through actions and inactions that culminated in the death of Jaquyn O'Neill Light. As a result, the family and heirs of Jaquyn O'Neill Light have been deprived of his income, services, protection, care and assistance, together with his society, companionship, comfort, guidance, kindly offices and advice.

65. WHEREFORE, Plaintiff, prays for entry of judgment against Defendant, City of Graham, for compensatory damages, including interest and costs; prays for an award of reasonable attorney's fees pursuant to 42 U.S.C. §1988; and further prays for such other relief as the Court may deem proper and just.

9

## COUNT II
## CLAIM AGAINST DEFENDANT, THE CITY OF GRAHAM
## NEGLIGENCE/GROSS NEGLIGENCE

66. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

67. Defendant City of Graham owed a duty to Plaintiff, and to the general public, to ensure that the Graham Police Department, its agents and employees would perform their duties in such a way as to avoid placing Plaintiff and other members of the public in unreasonable danger of serious injury or death. Furthermore, Defendant City of Graham owed a duty to ensure that Plaintiff and other member s of the public would be free from unreasonable searches and seizures and excessive force by officers employed by the Graham Police Department.

68. Defendant City of Graham breached these duties with regard to Plaintiff in various ways including, but not limited to, the following

    a. It failed to ensure that the Graham Police Department and Defendant Chief Pritchard had established reasonable and appropriate policies to accomplish the mission of the Graham Police Department of protecting and serving the law-abiding public, including Plaintiff;
    b. It failed to ensure that the Graham Police Department and Defendant Chief Pritchard had established reasonable and appropriate policies regarding the hiring, promotion and retention of law enforcement personnel;
    c. It failed to ensure that the Graham Police Department and Defendant Chief Pritchard adequately trained, supervised, instructed and/or monitored the Graham Police Department employees in the use of force against suspects and other law abiding citizens;
    d. It failed to establish reasonable and appropriate policies and procedures governing the situations under which and the manner in which the Graham Police Department personnel could use deadly force against suspicious persons and/or members of the public;
    e. It failed to ensure that all Graham Police Department personnel complied with existing policies and procedures with regard to the use of excessive or deadly force;
    f. It failed to take corrective action to prevent Graham Police Department personnel and others under is control from exercising unreasonable and excessive force in response to prior incidents involving the wrongful use of excessive or deadly force by the Graham Police Department personnel upon citizens of the City of Graham;
    g. It adopted and encouraged a paramilitary approach to law enforcement inconsistent with the goals and responsibilities of a civilian law enforcement agency;
    h. It was careless and negligent in such other ways as may be identified during the course of discovery and/or trial

10

69. Defendant City of Graham's negligent acts and omissions constitute proximate causes of the incident which resulted in the death of the Plaintiff and as a result, the family and heirs of Jaquyn O'Neill Light have been deprived of his income, services, protection, care and assistance, together with his society, companionship, comfort, guidance, kindly offices and advice.

70. At the time Defendants Chief Pritchard and Pollock committed the acts described herein, they were acting with the course and scope of their employment and/or agency with the Graham Police Department. As such, Defendant City of Graham is liable for the negligent acts and omissions of Defendants Chief Pritchard and Pollock and the negligence of Defendant Chief Pritchard and Pollock is imputed to Defendant City of Graham through doctrines of agency, vicarious liability and *respondeat superior*.

## COUNT III
## CLAIM AGAINST DEFENDANT JEFF PRTICHARD
## UNDER 42 U.S.C. §1983

71. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

72. This claim is brought pursuant to 42 U.S.C. §1983 for violations of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

73. Defendant, Chief Pritchard, was at all times material hereto the Chief of Police with Defendant, City of Graham. At all times material, Defendant, Chief Pritchard, was acting under color of state law. Defendant, Chief Pritchard, is being sued in his individual capacity and as Chief of Police.

74. At the time of Defendant police officers' activities in connection with the death of Plaintiff, Jaquyn O'Neill Light, Defendant Pollock and other officers were serving a warrant for violation of probation and a warrant for a misdemeanor.

75. Nonetheless, Defendant Chief Pritchard condoned the actions of Pollock of shooting and killing Jaquyn O'Neill Light, when Jaquyn O'Neill Light was not engaged any activity that warranted the use of a firearm.

76. The actions of Defendant Chief Pritchard, deprived the Plaintiff, Jaquyn O'Neill Light, of constitutional rights as guaranteed by the Constitution of the United States and protected by 42 U.S.C. §1983, and specifically deprived him of constitutionally guaranteed rights and privileges that include, but not limited to, the following:

11

a. The right not to be deprived of his life without due process and equal protection of laws;

    b. The right and privilege to be free from unlawful infringement upon the physical integrity of his person.

77. As a direct and proximate result of the Defendant, Chief Prichard's, actions and/or inactions and subsequent death of Defendant City of Graham's negligent acts and omissions constitute proximate causes of the incident which resulted in the death of the Plaintiff and as a result, the family and heirs of Jaquyn O'Neill Light have been deprived of his income, services, protection, care and assistance, together with his society, companionship, comfort, guidance, kindly offices and advice.

78. WHEREFORE, Plaintiff, prays for entry of judgment against Defendant, City of Graham, for compensatory damages, including interest and costs; prays for an award of reasonable attorney's fees pursuant to 42 U.S.C. §1988; and further prays for such other relief as the Court may deem proper and just.

## COUNT IV
## CLAIM AGAINST DEFENDANT JEFF PRITCHARD, in his Official Capacity
## NEGLIGENCE/GROSS NEGLIGENCE

79. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

80. Defendant Chief Pritchard, as Chief of the Graham Police Department and the chief law enforcement officer of the City of Graham, owed a duty to Plaintiff and the general public, to perform his duties and to ensure that the Graham Police Department and its agents and employees performed their duties, in such a way as to avoid placing Plaintiff and other members of the law abiding public, in danger of serious injury or death. Furthermore, Defendant Chief Pritchard owed a duty to ensure that Plaintiff and other members of the law abiding public, would be free from unreasonable searches and seizures and excessive force at the hand of the Graham Police Department

81. Defendant Chief Pritchard breached these duties with regard to Plaintiff in various ways, including, but not limited to, the following:

    a. He failed to establish reasonable policies or to take reasonable precautions in the hiring, promotion and retention of Graham Police Department personnel;
    b. He negligently hired Defendant Pollock;
    c. He negligently failed to fire or suspend Defendant Pollock;
    d. He failed to properly train Defendant Pollock;

- e. He failed to properly supervise the activities of Defendant Pollock;
- f. He failed to train, supervise, instruct, and/or monitor employees of the Graham Police Department, including Defendant Pollock, in the use of force against suspects, suspicious person, and members of the law abiding public;
- g. He failed to establish reasonable procedures to train officers to properly respond to reports of suspicious activity;
- h. He failed to establish reasonable and appropriate policies and procedures governing the situations under which and the manner in which Graham Police Department personnel could use deadly force against suspicious persons and/or members of the public;
- i. He failed to ensure that the Graham Police Department personnel, including its officers, complied with existing policies and procedures regarding the use of deadly force against suspicious persons and/or members of the public;
- j. He failed to take appropriate corrective action to prevent the Graham Police Department personnel and others under his command from utilizing unreasonable and excessive force in response to other prior incidents involving the wrongful use of excessive or deadly force by the Graham Police Department personnel;
- k. He was careless and negligent in such other ways as herein alleged; and
- l. He was careless and negligent in such other ways as may be identified during the course of discovery and/or trial.

82. Defendant City of Graham's negligent acts and omissions constitute proximate causes of the incident which resulted in the death of the Plaintiff and as a result, the family and heirs of Jaquyn O'Neill Light have been deprived of his income, services, protection, care and assistance, together with his society, companionship, comfort, guidance, kindly offices and advice.

83. Defendant Chief Pritchard's negligent acts and omissions constitute proximate causes of the incident which resulted in the death of the Plaintiff and as such Plaintiff is entitled to recover damages in excess of $75,000.00, the exact amount to be later determined at trial.

84. At the time Defendant Chief Pritchard committed the acts of negligence described herein, he was acting within the course and scope of his employment and/or agency with the Graham Police Department. As such, Defendant City of Graham is liable for the negligent acts and omissions of Defendant Chief Pritchard and the negligence of Chief Pritchard is imputed to Defendant City of Graham through the doctrines of agency, vicarious liability and *respondeat superior*.

## COUNT V
## CLAIM AGAINST DEFENDANT POLLOCK
## UNDER 42 U.S.C.§1983

85. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

86. In the early morning of January 29, 2020, Defendant Pollock along with two other Graham Police Officers went to serve a warrant for a probation violation and misdemeanor charge. During the course of the service Defendant Pollock shot and killed Plaintiff, Jaquyn O'Neill Light.

87. By the actions and omissions described above, done under the color of state law, Defendant Pollock violated 42 U.S.C. §1983 by depriving Plaintiff of the following clearly established and well settled constitutional rights protected by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;
    b. The right to be free from excessive and unreasonable force in the course of search or seizure as secured by the Fourth and Fourteenth Amendments;
    c. The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;
    d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly and/or excessive force as secured by the Fourteenth Amendment;
    e. The right to be free from deprivation of liberty and injury without substantive due process and free from state created danger as secured by the Fourteenth Amendment; and
    f. In such other particulars that may be learned through discovery.

88. Defendant Pollock's acts and omissions constitute proximate causes of the incident which resulted in the death of the Plaintiff and as a result, the family and heirs of Jaquyn O'Neill Light have been deprived of his income, services, protection, care and assistance, together with his society, companionship, comfort, guidance, kindly offices and advice.

89. As a direct and proximate result of Defendant Pollock's acts and/or omissions as set forth above, Plaintiff sustained damages as set forth in this Complaint and is entitled to those damages in an amount later to be determined at trial.

90. The conduct of Defendant Pollock in his individual capacity entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. §1883.

91. Plaintiff is also entitled to reasonable costs and attorney fees pursuant to 42 U.S.C. §1988.

## COUNT VI
## CLAIM AGAINST DEFENDANT POLLOCK, in his individual and official capacities
## NEGLIGENCE/GROSS NEGLIGENCE

92. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

93. Defendant Pollock, individually and in his official capacity as officer for the Graham Police Department, was negligent at the time and place alleged herein above, and his acts and omissions of negligence include, but are not limited to the following:

    a. He failed to investigate or confirm that Plaintiff was unarmed before discharging his firearm;
    b. He failed to realize that he could have avoided the shooting encounter with Plaintiff by not having his hand on his firearm;
    c. He failed to act as a reasonable, careful and prudent officer would have under the same or similar circumstances;
    d. He used excessive force against Plaintiff when he knew, or reasonably should have known, that the use of force was not necessary or justified;
    e. He negligently used excessive force against Plaintiff when such force was not justified under the circumstances and was in violations of written Graham Police Department regulations regarding the use of force;
    f. He failed to possess the necessary training and experience to serve as an officer with the Graham Police Department;
    g. He was otherwise careless and negligent in such other ways as may be revealed by discovery or during trial of this action.

94. Defendant Pollock's actions were malicious, corrupt, intentional, illegal, excessive, unreasonable, willful and wanton, and Defendant Pollock acted outside the scope of his duties with the Graham Police Department and with conscious and reckless disregard for the lives and safety of others, including Plaintiff. Based on Defendant Pollock's conduct, Defendant Pollock is not entitled to immunity from personal liability and may be sued in his individual capacity.

95. The negligent acts and omissions of Defendant Pollock, as described herein above, were a proximate cause of the shooting of the Plaintiff by Defendant Pollock.

96. The acts and omissions of Defendant Pollock, as described herein above, were willful, wanton and/or reckless, and amount to gross negligence.

97. Defendant Pollock was aware of the probable consequences of his reckless conduct described above and was aware that his conduct was reasonably likely to result in injury or death to others including Plaintiff.

98. Defendant Pollock's negligent acts and omissions constitute proximate causes of the incident which resulted in the death of the Plaintiff and as a result, the family and heirs of Jaquyn O'Neill Light have been deprived of his income, services, protection, care and assistance, together with his society, companionship, comfort, guidance, kindly offices and advice.

99. The negligence of Defendant Pollock is imputed by law to Defendant City of Graham by reason of Defendant Pollock's agency relationship with, and employment by Defendant City of Graham at the time and place that the incident occurred under the doctrine of *respondeat superior*.

100. Plaintiff is entitled to recover from the Defendants, jointly and severally, damages in excess of $75,000.00, the exact amount later to be determined at trail as a result of Defendant Pollock's negligence, gross negligence, and/or willful and wanton negligence.

## COUNT VII
## ACTS OF MALICE, ACTS OF CORRUPTON AND ACTS OUTSIDE THE SCOPE OF OFFICIAL DUTIES

101. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

102. The acts and omissions of Defendant Pollock were committed with reckless and wanton disregard for the life and safety of Plaintiff that they were malicious, corrupt and beyond the scope of his official duties as a Graham Police Officer.

103. Plaintiff is entitled to recover from the Defendant an amount in excess of $75,000.00 later to be determined at trial as a result of Defendant Pollock's acts of malice, corruption and acts outside the scope of official duties.

## COUNT VIII
## PUNITIVE DAMAGES

104. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

105. As a direct and proximate result of the grossly negligent, reckless, intentional and willful conduct of Defendant Pollock, as well as their conscious disregard of the heath and safety of Plaintiff, and other member s of the law abiding public as alleged herein, Plaintiff

16

is entitled to recover punitive and exemplary damages under both federal and state law to punish Defendant for his illegal, egregiously wrongful, reckless, willful, and/or wanton misconduct and to determine such conduct by others.

## COUNT IX
## VIOLATION OF NORTH CAROLINA CONTITUTION BY DEFENDANTS

106. The preceding and foregoing paragraphs are incorporated by reference as if fully set forth herein.

107. The actions of Defendants as set forth herein constitute a violation of Plaintiff's right to be free unreasonable searches and seizures, due process of law, and equal protection of the laws in violation of Article I, Sections 1 and 19 of the North Carolina Constitution.

108. The actions of Defendants as set forth herein were malicious and corrupt in that they acted knowingly and contrary to their duty and manifested a reckless indifference to the rights of others.

109. Plaintiff's right to due process of law and equal protection of law have been violated because Plaintiff was subject to an unreasonable and improper use of force by Defendants.

110. Plaintiff's rights to be free from unreasonable search and seizure, and to be free from arbitrary or lack of due process, was violated when Defendants used excessive and unlawful force upon his person.

111. Plaintiff is entitled to recover from Defendants compensatory damages in excess of $75,000.00 as a result of the violations of his rights as described herein above, the exact amount of damages to be calculated at trial.

112. Defendants' conduct as set forth herein was egregiously wrongful, thereby justifying an award of punitive damages under Chapter 1D of the North Carolina General Statutes.

113. Plaintiff is entitled to punitive damages from the individual Defendants

114. Plaintiff is further entitled to recover the costs and expenses of this action including reasonable attorney's fees and such interest as may be allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays the Court for the following relief:

1. That Plaintiff have and recover of Defendants, jointly and severally, an amount later to be determined at trial and exceeding the jurisdictional limit of this Court for damages caused to Plaintiff;

2. That the Plaintiff have and recover of Defendants, jointly and severally, an amount later to be determined at trial and exceeding the jurisdictional limit of this Court for punitive and exemplary damages;

3. That all issues of fact be tried by a jury;

4. That Plaintiff recover from Defendants, jointly and severally, the costs of this action and reasonable attorney fees to the fullest extent allowed by the laws of North Carolina and the United States; and

5. That Plaintiff be granted all other relief, both legal and equitable, which the Court deems just and proper.

This the 25th day of January, 2022.

**SMITH GILES, PLLC**

/s/ C. Douglas Green
C. Douglas Green, Esq.
N.C. State Bar No.: 50392
doug@smithgileslaw.com
Robert Giles, II, Esq.
N.C. State Bar No.: 28539
robert@smithgileslaw.com
110 S. Maple Street
Graham, NC 27253
Telephone: 336-222-7735
Facsimile: 336-265-1226